**John C. RITTER, Appellant**

v.

**Sinclair WEEKS, Secretary of Commerce, et al., Appellees.**

**No. 14225.**

United States Court of Appeals District of Columbia Circuit.

Argued April 25, 1958.

Decided May 15, 1958.

Petition for Rehearing Denied June 16, 1958.

1. See *California Oregon Power Co. v. F.P.C.*, 1956, 99 U.S.App.D.C. 263, 270, 239 F.2d 426, 433.

Mr. Byron N. Scott, Washington, D. C., for appellant.

Mr. Hershel Shanks, Atty., Dept. of Justice, with whom Asst. Atty. Gen. George C. Doub, Messrs. Oliver Gasch, U. S. Atty., and Morton Hollander, Atty., Dept. of Justice, were on the brief, for appellees. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellees.

Before WILBUR K. MILLER and BAZELON, Circuit Judges, and MADDEN, Judge, United States Court of Claims.*

PER CURIAM.

The appellant sued to compel the Secretary of Commerce, the Civil Service Commission and other officials of the Government to restore him to a GS–11 position in the Bureau of the Census in the Department of Commerce. In the District Court the parties made cross motions for summary judgment. The motion of the defendants was granted, without opinion, and the plaintiff has appealed.

In 1951 the appellant and one Henry A. Bloom each held GS–11 positions in the Bureau of the Census, Bloom having some ten days seniority over the appellant. In that year Bloom applied for and was appointed to a position in the Canadian Office of the National Production Authority, which Authority was another branch of the Department of Commerce, established by the Secretary of Commerce under authority delegated to him by the President pursuant to the Defense Production Act of 1950, 64 Stat. 798, 50 U.S.C.A.Appendix, 2061 et seq. The appellant remained in the Bureau of the Census and was detailed to a GS–12 position on June 7, 1952.

In March 1953 Bloom received a reduction in force (R.I.F.) notice from the National Production Authority, and his last day of work in that branch was May 22. In view of the R.I.F., Bloom asked for his old job in the Bureau of the Census, and resumed it immediately after May 22.

On May 29, 1953, the appellant was given a R.I.F. notice by the Bureau of the Census, stating that his last day of work would be June 30. By subsequent letters, the appellant's separation was postponed to August 28. On August 30 Bloom was promoted from his GS–11 position to the GS–12 position which the appellant had been holding in an acting capacity for more than a year.

The appellant claims that there was no genuine reduction in force since Bloom was brought in to replace him, leaving the same number of employees after as before the purported reduction. The appellees say that Bloom had re-employment rights so that the Bureau of the Census was obliged to re-employ him when he returned from the National Production Authority; that there was a genuine reduction in force of one of the two persons, Bloom and the appellant, and that Bloom had a retention status superior to that of the appellant. The

* Sitting by designation pursuant to the provisions of Sec. 291(a), Title 28, U.S.Code.

appellant concedes that if Bloom had re-employment rights, the appellant was the right one to be separated.

In the order of the Secretary of Commerce establishing the National Production Authority, section 6 said:

> All permanent employees of the Office of Industry and Commerce who are transferred by the terms of this order to the National Production Authority and who remain with that organization and perform satisfactory service shall be entitled to reemployment rights in an appropriate position of at least the same grade held on the effective date of this order, when the transferred functions are returned to that Office. *Other permanent employees of the Department who are transferred individually to the National Production Authority shall be entitled to reemployment rights under the same terms in the bureau or office from which transferred when their services are no longer needed in the National Production Authority.* [Italics supplied.]

The foregoing provision applied to a situation such as that of Bloom, who had transferred to the National Production Authority from another branch of the Department of Commerce. Civil Service Regulations, Sections 8.201–8.206, 17 F.R. 344–345 promulgated January 11, 1952, made similar provision for re-employment rights of persons transferring from any department of the Government into work of a defense nature in another department.

Under section 6 quoted above, Bloom had re-employment rights. The appellant urges that Bloom, on his transfer from the Bureau of the Census to the National Production Authority, had not claimed or reserved re-employment rights; that upon his separation from the National Production Authority he had not claimed nor been aware of the fact that he had a right to his former position in the Bureau of the Census; that the several records made for the official files indicated that he was given his former position in May, 1953 not because he was thought to have re-employment rights but rather because those in charge of the office chose to hire him. The facts recited by the appellant seem to be true, but we think they are immaterial. Section 6 of the Secretary's order granted re-employment rights without condition. Bloom's ignorance of his rights, and the ignorance of those who re-employed him, or their mistakes in filling out the records for the files did not impair the rights.

We do not find it necessary to consider the question of laches, asserted by the appellees.

The judgment of the District Court is affirmed